UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Docket No. |
| | : | 3:06 CR 64 (CFD) |
| KAZIMIERZ SULEWSKI | : | |

**RULING ON DEFENDANT'S MOTIONS FOR REVOCATION OF DETENTION ORDER**

Kazimierz Sulewski stands charged by a 56-count multi-defendant grand jury indictment with one count of violating 18 U.S.C. § 371, conspiracy to use an interstate facility to promote prostitution; three counts of violating 18 U.S.C. § 1952(a)(3), use of an interstate facility to promote, manage, and carry on prostitution; and three counts of violating 18 U.S.C. § 2421 (commonly referred to as the "Mann Act"), knowingly transporting an individual in interstate commerce for the purpose of engaging in prostitution. Sulewski was arraigned on March 21, 2006 and pled not guilty to all charges. On the same date, the Government filed a motion for Sulewski's pretrial detention. See Doc. # 10. A detention hearing was held on March 30, 2006; after the hearing, the presiding magistrate judge signed an order of detention for Sulewski, finding that "there is a serious risk that the defendant will endanger the safety of another person or the community." See Doc. # 86.

Sulewski then moved for a de novo bond hearing and revocation of the detention order by this Court. See Docs. # 90, 151. The Court conducted a de novo detention hearing on May 8, 2006. For the reasons below, the defendant's motions to revoke his order of detention are denied.

1

**I.      Discussion**

The Bail Reform Act, 18 U.S.C. § 3141 et seq., limits the circumstances under which a defendant may be detained pending trial.  A court may only order pretrial detention following a hearing, and it is the Government's burden to prove by a preponderance of the evidence that a defendant's case meets one of the predicate requirements mandating a detention hearing.  See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988) (per curiam).  Under the Bail Reform Act, the threshold requirements warranting a detention hearing include: when (1) the case involves a crime of violence; (2) the case involves an offense punishable by life imprisonment or death; (3) the case involves an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act; (4) the defendant is charged with a felony and qualifies for the penalties of certain repeat offender statutes; (5) the case involves a serious risk of flight; or (6) the case involves a serious risk of obstruction or attempted obstruction of justice or intimidation of a prospective witness or juror.  See 18 U.S.C. § 3142(f); see also United States v. Leon, 766 F.2d 77, 80-81 (2d Cir. 1985).  Detention is not permitted merely "on the basis of dangerousness in the absence of risk of flight, obstruction of justice or an indictment for the offenses enumerated in [§ 3142(f)]."  Friedman, 837 F.2d at 49.

The Government argues that Sulewski's case meets three of the threshold requirements necessary for a detention hearing: his charges under the Mann Act qualify as crimes of violence, he poses a serious risk of flight, and he poses a serious risk of obstructing justice or intimidating a prospective witness.  By the explicit terms of the Bail Reform Act, a violation of the Mann Act, 18 U.S.C. § 2421, is considered a crime of violence.  See 18 U.S.C. § 3156(a)(4)(C) ("the term 'crime of violence' means . . . any felony under chapter 109A [18 U.S.C. § 2241 et seq.], 110 [18

U.S.C. § 2251 et seq.], or 117 [18 U.S.C. § 2421 et seq.]."). As Sulewski has been indicted on three counts of violating the Mann Act, the Government has satisfied its initial burden and a detention hearing is warranted on that basis.[1]

Once the Court determines that a detention hearing is required, it may only detain a defendant upon finding by a preponderance of the evidence that the defendant presents a risk of flight and that no conditions of release can "reasonably assure the appearance of the [defendant] as required," or finding by clear and convincing evidence that the defendant presents a risk of dangerousness and that "no condition or combination of conditions will reasonably assure the . . . safety of any other person and the community." 18 U.S.C. § 3142(e) and (f)(2)(B); see also United States v. Salerno, 481 U.S. 739, 741 (1987) (establishing clear and convincing standard for detention based on dangerousness); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987) (reciting preponderance standard for detention based on risk of flight). In making either finding, the Court is required to "take into account the available information concerning . . . (1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Having considered the enumerated factors in 18 U.S.C. § 3142(g) and the showing made by the Government at Mr. Sulewski's de novo bond hearing, the Court concludes that the Government has satisfied its burden both of demonstrating by a preponderance of the evidence

---

[1] Having found sufficient basis to conduct a detention hearing due to a qualifying crime of violence, the Court declines to reach the Government's additional proffered bases for a hearing under § 3142(f).

that the defendant poses a risk of flight, as well as showing by clear and convincing evidence that the defendant poses a threat of danger to other community members.

At the May 8 hearing, the Government made an oral proffer that it possessed credit card, telephone, and bank record evidence corroborating the charges against Sulewski, and at trial would also offer testimony by approximately 12 witnesses, including several of the women who were victims of the defendants' prostitution scheme and the customers or "johns" who paid for their services.[2]  See generally United States v. LaFontaine, 210 F.3d 125, 130-32 (2d Cir. 2000) (discussing permissibleness of proceedings by government proffer in bail hearings).  The Government also alleged that the conduct charged in the federal indictment occurred while Sulewski was on pre-trial release for narcotics charges in the Connecticut Superior Court[3]; that Sulewski's role in the offense consisted of acting as defendant Ronald Martinez's chief assistant, responsible for booking appointments, driving prostitutes to arranged places of assignation (including sites in Massachusetts, which required interstate travel), and collecting money from customers; that in the course of carrying out these duties, Sulewski frequently supplied drugs to women working as prostitutes; that on one occasion, Sulewski pointed a gun at one of the

---

[2] Although the Mann Act charges against Sulewski satisfy the threshold requirement for holding a detention hearing, the Court may look more generally at all the offenses with which Sulewski has been charged and the evidence against him in evaluating his dangerousness and risk of flight.  See 18 U.S.C. § 3142(g); see also United States v. Salerno, 481 U.S. 739, 742-43 (1987).

[3] Sulewski was released pursuant to a $100,000 bond set on January 4, 2002 and a $300,000 bond set on February 11, 2002.  These bonds remained in place until March 9, 2005.  On that date, Sulewski pled guilty to sale of illegal drugs in violation of Conn. Gen. Stat. § 21a-278(b) and was sentenced to 15 years' imprisonment, with 8 years to serve.  Sulewski currently remains free on an appeal bond from the State of Connecticut pending the resolution of an evidentiary challenge to his conviction.

prostitutes and ordered her to give him money he believed she was withholding; and that Sulewski has reported no source of income since 2002 and owns no real estate or other real property.[4]

In rebuttal, the defendant argued that he was not one of the three principal defendants under indictment; that the Government's proffer consisted of unchallenged hearsay; that other than the Government's contention that he had pointed a gun at one prostitute, the evidentiary proffer contained no charges that he had engaged in violence or used force to compel women to engage in prostitution; that despite his prior arrest record, he has complied with all required court appearances; and that he possesses substantial ties to the community, as his fiancée, children, and parents all live in the Hartford area.

Notwithstanding the defendant's contentions, the Court concludes that Sulewski poses a risk of flight due to the seriousness of the federal charges he faces– each of the Mann Act violations carries a possible term of ten years' imprisonment, while the other counts on which Sulewski stands indicted may be punished by up to five years' imprisonment. The severity of the possible sentence is exacerbated by the fact that any federal sentence of incarceration could be imposed consecutively to the state sentence Sulewski has already received on an unrelated conviction. If the federal charges are proven, Sulewski will have committed numerous offenses while on state bond, which implies that he lacks respect for the conditions of pretrial release and also supports a conclusion that he is a flight risk. Finally, although Sulewski does have

---

[4] The Government also alleged that on February 21, 2003, Sulewski possessed a stolen firearm with an obliterated serial number. As the defendant represented that the state charges upon which that allegation was based were nolled on March 9, 2005, the Court does not consider that incident or the state charges in making its determination.

numerous family members residing in the community, his lack of property and failure to report income for the last four years also increase the risk that he might flee the jurisdiction.

As to Sulewski's risk of danger to the community, the Government has provided clear and convincing evidence of such dangerousness. While not one of the ringleaders of the prostitution scheme, he apparently was a trusted assistant with supervisory authority over the ring of women, whom it is alleged that he plied with illegal narcotics and threatened with a firearm on at least one occasion. The Government proffered that it had both voluminous documentary evidence to support these allegations, as well as the testimony of approximately 12 witnesses.[5] This proffer was not substantively challenged or contradicted by the defendant. Both the seriousness of these charges and the weight of the Government's evidence support a finding that Sulewski may be a danger to the community. See United States v. Martir, 782 F.2d 1141, 1147 (2d Cir. 1986) (holding that when defendant raised no substantive challenge to government proffer, the district court was not required to demand further elaboration of government's evidence); see also LaFontaine, 210 F.3d at 131 ("[I]t is quite clear from the record that the [government's] proffer was not contradicted by the testimony of LaFontaine's witnesses. In light of this record, we cannot say that Judge Mukasey abused his discretion in accepting the proffer . . . .").

For the above reasons, the Court also cannot conclude that any conditions of release could reasonably assure either Sulewski's appearance or the safety of other persons and the community.

---

[5] Although these witnesses were identified by pseudonym, the women who worked as prostitutes are undoubtedly known to Sulewski and therefore at risk of further threats or violence from him.

**II.     Conclusion**

The Defendant's Motion for Review and Revocation of Detention Order [Doc. #90] and Supplemental Motion for Revocation of Detention Order [Doc. #151] are DENIED.  The Court ORDERS the defendant's continued detention pending trial.  See Doc. #86.

So ordered this _31st_ day of May 2006 at Hartford, Connecticut.


_/s/ CFD  _____
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**